## Jesse Fry et ux v. Reagan Houston, Assignee.

### No. 251.

1. **Setoff by Vendee Against Assignee for Benefit of Creditors.** When a vendee of land owes a purchase money note for the land, and the vendor makes an assignment of his property for the benefit of his creditors, and at the time of the assignment owes the vendee a debt, the vendee has a right to bring a suit against the assignee for a release of the vendor's lien, upon tendering him the balance due on his note, after deducting therefrom the indebtedness of the vendor to him.

2. **Tender, to Whom Made.**—The assignee was the proper person to whom the tender should have been made.

3. **Right to Pay Note Before Maturity.**—A note payable on or before a certain date can be paid at any time.

Appeal from Bexar. Tried below before Hon. G. H. Noonan.

*William S. Temple*, for appellants.—1. The deposit of Mrs. Fry being a certain and liquidated demand, constitutes a proper counter-claim or setoff against the note dated June 13, 1890, held by defendant, who, as assignee, acquired same subject to all counter-claims between original par-

ties to the note.   Rev. Stats., arts. 645–649, 1266; Sanders v. Bridges, 67 Texas, 94; Bank v. Cresson, 75 Texas, 298; Hamilton v. Van Cork, 26 Texas, 305; 1 W. & W. C. C., sec. 1227; High on Rec., sec. 247; Morse on Banks, secs. 338, 560; Wait Insolv. Corp., sec. 549; Burr. on Ass., 391, 403; Water. on Setoff, 22–24, 171–174, 442.

2.  The fact that the note was secured by vendor's lien in the deed did not make it an exception to the statute and rules of equity allowing set-offs of liquidated demands against each other.  Roon v. Ross, 84 Texas, 46; Greathouse v. Greathouse, 60 Texas, 597; Stephens v. Mott, 82 Texas, 81.

*Perry J. Lewis,* for appellee.—When a vendor has sold land and has expressly retained a vendor's lien to secure unpaid purchase money, the vendee can not compel a completion of the sale and a release of the vendor's superior title by offering to apply an antecedent indebtedness due from the vendor in payment of the balance of the purchase money due. The vendee can compel a specific performance only by an offer on his part to perform the contract and by making a legal tender of the balance of the purchase money.   Foster v. Powers, 64 Texas, 247; Hamblen v. Folts, 70 Texas, 132; Cattle Co. v. Boon, 73 Texas, 548; Pierce v. Moreman, 84 Texas, 597; Willis v. Summerville, 3 Willson's C. C., 509; Water. on Spec. Per., secs. 425, 438, 443; Roberts v. Lovejoy, 25 Texas Supp., 437.

FLY, Associate Justice.—Appellants have brought this case into this court, and complain of the action of the District Court in sustaining special exceptions to their original and first and second supplemental petitions.   The petitions allege, that Mrs. Daisy D. Fry, at that time Mrs. Estes, purchased of Sam Maverick two certain lots of land in San Antonio, and for the first lots gave, to secure the unpaid purchase money, her note for $1150, and for the last lots gave her note for $900.   The first note was due on or before June 13, 1893, the latter on or before June 16, 1893.   That on the 26th of December, 1890, Sam Maverick made a general assignment to Reagan Houston for the benefit of his creditors, and that at that time Mrs. Fry had on deposit $580 in Maverick's bank; that Mrs. Fry elected to apply her deposit on the $1150 note, which at the time of the assignment amounted to $1211.65; that after deducting the deposit, there remained unpaid on the $1150 note the sum of $631.15, due on December 26, 1890; that on the 14th day of June, 1892, appellants tendered to appellee the sum of $723.70 in full payment of the $1150 note, which he refused to accept in full payment of the note. Appellants prayed that the assignee be ordered to accept the sum of $723.70 in full payment of the $1150 note, and to execute a release of the vendor's lien.   Appellee's general demurrer was overruled.

In the special demurrer, exception is taken to the petition, because it shows upon its face an executory contract to convey real estate, and a

conveyance of the vendor's legal title is prayed for, while it does not. show a payment or tender of payment to the proper party of the balance of the contract price evidenced by the said negotiable note for $1150.

The exception was sustained to the original petition, and the first and second supplemental petitions were filed, which set up nothing additional except that the note had been assigned to Houston by Maverick, that the vendor's lien had been retained to secure its payment, that Mrs. Fry's deposit was subject to check, and Maverick had agreed after it remained in the bank for three months to pay interest on it at the rate of 4 per cent per annum. No exception was filed to the supplemental petitions, but the same exceptions were, it seems, urged and sustained, and appellants. declining to amend, the suit was dismissed.

Our statutes provide, that " whenever any suit shall be brought for the recovery of any debt due by judgment, bond, bill, or otherwise, the defendant shall be permitted to plead therein any counter-claim which he may have against the plaintiff, subject to such limitations as may be prescribed by law." Sayles' Civ. Stats., art. 645. The limitation on the right to plead a setoff is that an unliquidated or uncertain claim shall not be pleaded against a debt that is due, and vice versa, unless the setoff grew out of and was incident to the cause of action. Arts. 649, 650.

If appellants had placed money on deposit with Maverick, and after the assignment the assignee had brought suit to foreclose the vendor's lien, there can be no question that appellants would be entitled to a credit on the note for the amount deposited, to be credited as of the same date with the assignment. There have been a few opinions that have held a contrary doctrine, but the better opinion seems to be, " that mutual obligations cancel each other; and that the death or insolvency of either party will make no difference in the adjustment of their mutual accounts. The allowance of setoff has been frequently objected to in the distribution of insolvents' assets and in the settlement of decedents' estates, for the reason that it would create preferences among creditors; but the controlling weight of authority has established the doctrine, that in the absence of express statutory prohibition, a setoff of a debt owing to the defendant will be allowed, if it was due when the creditor's rights attached, whether the debt sued on was due at same time or not." Yardley v. Clothier, 51 Fed. Rep., 506.

In a Pennsylvania case, Skiles, the administrator of an estate, sued one. Houston on a promissory note which matured subsequent to the death of the owner of the estate. The estate was insolvent. Houston had money on deposit with the decedent, who had been a banker, sufficient to pay his indebtedness. He pleaded his deposit in offset to the note held by the administrator, and it was objected that to allow the offset would be to prefer a creditor, and the court says: " It is evident then, that when upon Henderson's death the note against Houston passed to his administrator, it.

did so clogged with the whole of Henderson's debt to Houston, for the very reason that it was a perfected debt at the time of Henderson's death. Nor in such case is Henderson's insolvency at all material."

In Van Waggoner v. Gaslight Company, 23 New Jersey Law, 283, it is held, that "The assignees take a bankrupt's property in the same condition and subject to the same burthens as the bankrupt himself held it."

In the last case it is further held, "that a debtor to a bank, whether his indebtedness has actually accrued or not at the time of the insolvency, may in equity set off against his debt either a deposit in the bank or bills of the bank, bona fide received by him before the failure of the bank." This is the well settled doctrine of the American courts. There is nothing either in the statutes regulating setoffs and counter-claims or assignments for the benefit of creditors that antagonizes this doctrine.

But it is contended by appellee, that when a vendor has sold land, and has expressly retained a vendor's lien to secure unpaid purchase money, the vendee can not compel a completion of the sale and a release of the vendor's superior title by offering to apply an antecedent indebtedness due from the vendor in payment of the balance of the purchase money due. It is, in effect, said by this proposition, that an antecedent debt against a vendor of land can not be pleaded in offset against the demand of a payment of purchase money notes; for as the debt can not be pleaded in a suit for specific performance, we can not see how it can be pleaded in the other.

If Maverick had already received a part of the purchase money, and the balance was offered in payment to the assignee, we are unable to understand upon what principle of equity or justice the payment to Maverick should not be allowed on application for a specific performance of the contract. While the superior title to the land remained in Maverick, and was transferred by him to his assignee, and the contract was in some respects an executory one, yet upon payment of the purchase money it became executed, and the vendee could compel a release of the lien.

We have seen no case that holds that offset can not be set up in a case of specific performance. The cases cited by appellee do not hold to such doctrine.

In the case of Roberts v. Lovejoy, 25 Texas Supplement, 437, it is held, that a court of equity will not decree specific performance of a contract in favor of a party who refuses performance, in the whole or in part. None of the other cases cited sustain the position held by appellee.

Appellants asked for specific performance of the contract, and if they had paid Maverick a part of the purchase money, and offered the assignee the balance due on the note up to the time the tender was made, they are entitled to it. This is simple justice, apparent from a mere statement of the proposition. The point is offered in the exception that the tender was not made to the proper person; but to whom could it be made, if not

to the assignee of the entire estate of the insolvent? He was the only person on earth to whom the tender could have been lawfully made. The amount tendered was the amount due at the time of tender, and the note being payable on or before a certain date, could be paid at any time. We are of the opinion that the petition stated a good cause of action; therefore the judgment will be reversed and the cause remanded.

*Reversed and remanded.*

Delivered March 21, 1894.

Chief Justice James did not sit in this case.