I. LOVENBERG, JR., ADMINISTRATOR, v. ELLEN R. HENRY.

No. 2174. Decided November 29, 1911.

**Note—Limitation—New Promise—Day Certain—Maturity—Case Stated.**

On a promissory note then barred by limitation the payor wrote: "On or before 1904, I promise to pay the within note, Galveston, August 20, 1900." The payor having died, suit was brought against his administrator on May 4, 1908, and he interposed the defense of limitation. Held:

(1) The indorsement should be construed as an undertaking to pay on or before the year A. D. 1904, and was not void for uncertainty in date of payment.

(2) The promise to pay on or before the year 1904 matured on January 1, 1904, not at the end of that year; the note was then due and enforcible; limitation began to run on that date, and the note, when sued on, was barred.

(3) Mr. Justice Ramsey dissents, holding that the new promise was not enforcible till the end of the year 1904, and the action was not barred. (Pp. 551-553.)

Error to the Court of Civil Appeals for the First District, in an appeal from Galveston County.

Ellen R. Henry sued the administrator and appealed from a judgment for defendant. A reversal and remand by the Appellate Court settling the merits of the case, Lovenberg, the administrator, obtained writ of error.

*James B.* and *Charles J. Stubbs,* for plaintiff in error, cited: Salinas v. Wright, 11 Texas, 575; Chambers v. Hill, 30 Texas, 473; Brookshire v. Allen, 32 S. W., 164; In re Public Road, 4 N. J. L., 290; Koehler v. Scheider, 16 Daly, 235; Wall v. Simpson, 29 Ky., 155; Brown v. Bank, 115 Ind., 572; Grissom v. Bank, 87 Tenn., 350; Bank v. Michau, 96 N. C., 53; Baker v. Leland, 41 N. Y. Supp., 399; Ring v. Foster, 6 Ohio, 540.

*Maco* and *Minor Stewart, George T. Burgess* and *J. Homer Jones,* for defendant in error.

MR. JUSTICE DIBRELL delivered the opinion of the court.

This suit was brought in the District Court of Galveston County on May 14, 1908, by Ellen R. Henry against Ben Levy, as administrator of the estate of B. P. Cooper, deceased, to recover on a promissory note for $6,000, alleged to have been given plaintiff by B. P. Cooper on or about February 9, 1893, due and payable twelve months after date. Pending administration of the estate of .B. P. Cooper, the administrator Levy died and letters of administration were granted to the defendant, I. Lovenberg, Jr., in July, 1908, and the suit by amended petition was continued against the defendant, I. Lovenberg, Jr., as administrator of the estate of said Cooper.

After making all necessary formal allegations in regard to the execution and delivery of the note sued on, it was alleged that B. P. Cooper about August 20, 1900, by his written endorsement on the back of said note renewed his promise to pay same on or before 1904. The written endorsement was in words and figures as follows:

"On or before 1904 I promise to pay within note, Galveston, August 20, 1900. (Signed) B. P. Cooper."

On April 8, 1908, the note sued on was presented to the administrator of B. P. Cooper for allowance and the same was rejected, because, as stated by the administrator, it was barred by limitation.

The judgment of the lower court sustained the special exception of defendant which presented the plea of limitation, and in effect held the note sued on barred by limitation. The Court of Civil Appeals reversed and remanded the cause, holding the note not barred by the statute of limitation. (Henry v. Lovenberg, 128 S. W., 675.)

The question presented for decision is novel, but not difficult of solution. We have not been able to find any case of like import with the one here presented, nor have we been cited to any authority that would materially assist us in determining the question as upon precedent. It is clear upon reason that the maker of the note intended to renew his promise to pay same and that he intended to fix the time for payment as on or before the year 1904. The endorsement as written, it is true, does not contain the words, "the year," but we think that under the rule well established that courts may seek for the intention of the parties and from the paper itself, in the light of the circumstances of its execution, determine what was actually intended by the parties. Applying this rule, we think no violence is done the parties to say they intended to make the note payable on or before the year 1904. That the rule here adopted in ascertaining

from the endorsement itself the intention of the parties may not seem arbitrary we quote from the case of Nichols v. Frothingham, 45 Me., 225, 71 Am. Dec., 539. That was a suit upon a note written as follows:

"$1500.00.    ·    Boston, May 1, 1854.

"Six        after date we promise to pay to the order of F. Monson," etc.

It was contended by the defendant that the note was void, because no definite time of payment was stated. The court read into the note the word "months," so that the note was made to read, "six months after date," etc. In justification for making such interpolation the court said: "In the construction of the note, the intention of the parties is to control, if it can be legally ascertained; and the authorities cited in defense clearly show that an ambiguity, such as appears upon the face of the note, is not open to parol explanation. It is a patent ambiguity, which is well defined as one which is 'produced by the uncertainty, contradictoriness or deficiency of the language of an instrument, so that no discovery of facts, or proof of declaration, can restore the doubtful or smothered sense, without adding ideas which the actual words will not of themselves sustain.'

"In such a case, however, it is competent for the court to determine from the paper itself, in the light of the circumstances in which it was given, what was the actual intention of the parties. Otherwise, the maker might reap an unjust advantage from his own neglect to use clear and appropriate language, which the law does not allow when it is possible to ascribe to the language, under the circumstances in which it was used, any appropriate legal effect. Where there is nothing in the contract to lead to a different conclusion, and it is clearly apparent that some word indicative of the intention of the parties was intended to be used, but omitted by mistake, the parties may properly be presumed to have intended to use that word which is most commonly used by the same or other parties under the same or similar circumstances. Their probable intention in the absence of anything to the contrary may well be taken as their actual intention."

Upon the same reasoning in the case of Connor v. Routh, 7 How. (Miss.), 176, 40 Am. Dec., 59, the Supreme Court of Mississippi where a note was made payable *"twenty-four after date,"* held that such note was not void for uncertainty and that it was proper to leave the question to a jury to determine what time was intended by the parties.

In the case of Pearson v. Stoddard, 9 Gray, 199, suit was had upon the following promissory note:

"$100.00    Lowell, June 2, 1856.

"Four months after, for value received I promise to pay," etc.

It was contended by the defendant in that case that the note was not by its terms due when the suit was brought, it having been instituted four months after date, contending that the note might have been "four months after sight," or "four months after demand." The

court supplied the word "date," and made the note read, "four months after date."

So that we may read the endorsement in the light of its obvious meaning, "on or before the year 1904, I promise to pay within note." It remains to determine from this language the due date of the note sued on. . There can be no doubt but that Cooper had the option to pay off said note at any time before the year 1904, but upon the advent of the year 1904 his option ceased and became an obligation to pay at all events. The words "on or before" are of such common use in promissory notes as to be well understood to mean "immediately at or at any time in advance of" a period named. The year 1904 had its beginning with January 1, of that year, and the note sued on as we construe the meaning of the renewal became due on January 1, 1904, and not having been sued on until May 14, 1908, was barred by the statute of limitations of four years.

Some confusion seems to exist as to the meaning of the words, "on or before." These words are defined in 29 Cyc., 1492, as follows: "With relation to a specified time, or event, immediately at or at any time in advance of, the instant of such time or event; that is to say, to the exclusion of any time after that to which the proposition has relation, not after."

Judge Cooley in the case of Mathison v. Marks, 31 Mich., 421, which was a suit on a note made payable "on or before" a day named, and in which it was contended that the note was void for uncertainty of time of payment, said: "The legal rights of the holder are clear and certain; the note is due at a time fixed, and it is not due before. True, the maker may pay sooner if he should choose, but this option, if exercised, would be a payment in advance of the legal liability to pay, and nothing more. Notes like this are common in commercial transactions, and we are not aware that their negotiable quality is ever questioned in business dealings." That such notes are valid negotiable instruments seems to be the well settled law of this State. Fry v. Houston, 6 Texas Civ. App., 710, 26 S. W., 284; Brainard v. Bute, 44 S. W., 575.

The contention that since, in a note made payable on or before a day certain, the maker has the entire day in which to pay, that therefore in the case at bar, if the note sued on was due on or before the year 1904, the maker would have the entire year in which to pay is not well founded. The law gives the entire day for the reason that it does not recognize fractions of a day, but there is not the same reason for extending the rule where a note is made payable on or before a year named.

The judgment of the Court of Civil Appeals will be reversed and the judgment of the District Court affirmed, and it is so ordered.

*Reversed and judgment of District Court affirmed.*

Mr. Chief Justice Brown, concurring, delivered the following opinion:

I agree with Mr. Justice Dibrell in his conclusions and reasoning, and I wish simply to add a few reasons, which I think support the judgment of this court.

The terms "on or before" are in common use to designate the time at which the expressly reserved right of the maker of a contract to pay before maturity ends and when the payee's right to demand payment arises. The long continued and extensive use of those words in that connection justifies the conclusion that the language "on or before 1904" meant that the time "before 1904," which marked the termination of the option of the maker to pay before maturity also designates the time at which the payee might demand payment, that is, on the first day of January, 1904. In other words, "on" and "before" point to the same day, and as "before" could not extend beyond the first day of January, 1904, "on" must be construed to designate the same date. It is evident that the right of the payor to make payment was limited to January 1, 1904. If the right of the payee to demand payment was postponed to January 1, 1905, then during the year 1904 that maker could not have discharged the note without the consent of the payee. That construction would be violative of the intention of the parties to make the two rights correlative. What reason can be assigned for limiting the right of the maker to discharge the debt to a date a year before the payee could enforce payment? As shown in the main opinion, courts will supply words necessary to make a contract conform to the custom of people in making such contracts. The form of this contract is so unknown among business men that we are slow to believe that it was so made purposely. It is much more reasonable to suppose that unintentionally some word or words have been omitted which the court may supply to give the contract the usual form which is done by reading, "on or before January 1, 1904, I promise to pay," etc. This harmonizes the language of the instrument and conforms it to the usages and customs of business men.

MR. JUSTICE RAMSEY delivered the following dissenting opinion:
I find myself unable to agree to the disposition of this case, made by the majority of the court, and am filing this brief memorandum to evidence my opinion as to the question involved in the case.

As stated in the opinion of the court, about February 9, 1893, B. P. Cooper executed and delivered to Ellen R. Henry his note for $6000, due twelve months after date. Some time in August, 1900, after the note was barred by limitation, Cooper signed the following memorandum in writing, endorsed on his said note above described: "On or before 1904 I promise to pay within note. Galveston, August 20, 1900 (signed) B. P. Cooper." If this note was, as to Cooper, due and payable, and if payment of same could have been enforced against him at any time on or after January 1, 1904, then it is conceded that the opinion of Mr. Justice Dibrell is correct and that the court has made the proper disposition of the case. If, however, as I believe, and as the Court of Civil Appeals held (Henry v. Lovenberg, 128 S. W., 675), he could not have been compelled, unwillingly, as a matter of law, to have paid the note until the end of 1904, but had the entire year to pay same, then, of course, it would follow that the note was not barred and that the defendant in error was entitled to recover as against the plea of limitation.

I fully concur in the opinion, so forcibly expressed and so abundantly sustained by authority, that the endorsement was not void for uncertainty or because of the ambiguity of its terms. My difference arises only as to the legal effect of the language thereof in fixing the time of the maturity of the indebtedness thereby renewed. We have been cited to no authority which in my opinion throws any light on the question and in determining the question we must therefore undertake to do so, in the light of all the facts and aided and guided by legal reason.

I attach no importance to the insertion of the words "or before" in the endorsement, as fixing the due date of the indebtedness therein and thereby renewed. These words but had the effect to authorize Cooper to pay the debt at any time, but did not commit or compel him to do so, until his obligation, by its terms, matured. Such a provision is not infrequently inserted in notes and is so done with a view to authorizing payment at any time within the pleasure of the maker, with the view of saving interest, releasing securities hypothecated, or of being released or relieved of the burden of such indebtedness before its maturity in due course. We may therefore and properly should, for the purpose of arriving at the true meaning of the endorsement, construe same as if it read "On 1904 I promise to pay within note." So read what does it mean? We must remember that when written the debt was barred. The maker had the right to fix and absolutely control the time when he would, being barred, pay same. So situated and circumstanced it was but natural that he should, as a condition of his assumption of his barred obligation, name a time when his own convenience and interests should both most and best be subserved. Therefore, as it seems to me, he makes an endorsement which does, indeed, permit him to pay his debt at any time, but under which he has the whole of the year 1904 within which to pay same. The endorsement, as its terms show, was not only inaptly expressed, but written greatly abbreviated. What did Cooper intend? Is it not evident that the word "on" was intended to be used in the sense of "in," or "during?" Suppose, as the learned chief justice of the Court of Civil Appeals observes, the language had been "on or before January, 1904," would it not be fairly obvious that he might pay at any time during January, and could not be compelled to pay until the last business day in that month?

The point is a very narrow one and seems never to have been passed on before and may never arise again, but the amount involved is considerable and operates to defeat, under the opinion of a majority of the court, what seems to have been a just debt, and holding the views above outlined I have not felt that I ought to let the matter pass without the expression of my own opinion. This I have done with the greatest reluctance, and not unmindful of the great respect that any judgment of theirs will and should command.