

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

**JOHN BEN SHEPPERD**
ATTORNEY GENERAL

July 31, 1953

Overruled by C-313
usu asy memo
Which conflict

Hon. Bascom Giles, Chairman
Veterans' Land Board
Land Office Building
Austin, Texas

Opinion No. S-79

Re: Legality of computing in-
terest on veterans' land
loans to the next semi-
annual installment date
when payment in advance
of due date is tendered.

Dear Mr. Giles:

You have requested the opinion of this office
on the following veterans' land matter:

"On May 18, 1950, this office executed
a forty year contract with Mr. Joseph P.
Hart for purchase of land through this Pro-
gram. The contract executed between Mr.
Hart and the Veterans' Land Board provided
for semi-annual installments payable on or
before the 1st day of each May and November.

"Under date of September 8, 1952, Mr.
Hart wrote this office that he had made ar-
rangements to pay off his veteran's loan in
the near future, and requested that we for-
ward abstracts of title on the tract of land
for examination purposes. After securing
the required deposit for loan of the abstract,
it was forwarded to Mr. Hart on September 16,
1952. Under date of October 29, 1952, Mr.
Hart made a written request that this office
advise him of the balance due on his contract
together with the daily interest accrual rate.
The request was received in this office on
October 30, 1952, but due to the heavy press
of incoming mail at that time was not reached

for action until November 5, 1952. On that
date we advised Mr. Hart in writing of the
amount of principal due on the contract and
interest calculated until May 1, 1953, which
was the next installment date. Mr. Hart has
objected to payment of this interest beyond
the date on which his remittance was made to
pay off his contract in full.

"The entire Veterans' Land Board unani-
mously determined that due to the wording of
the contract which was based on Section 17,
Senate Bill 29, Acts of the 51st Legislature,
and Section 7, S. B. 351, Acts of the 52nd
Legislature, which is a revision of the first
named section, that interest should be com-
puted and charged until the next installment
date following the remittance of any payment
over and above the current amount due on the
contract."

The date on which Hart remitted the balance of the principal
is not stated in your letter, but from accompanying papers
it appears that remittance was made sometime between Novem-
ber 5, 1952, and January 8, 1953. The portion of your con-
tract with Mr. Hart which is material to this present prob-
lem reads as follows:

"3. The total consideration for this
purchase is Sixty-five Hundred and 00/100
($6500.00) DOLLARS, of which the sum of
Three Hundred and twenty-five and 00/100
($325.00) DOLLARS has been paid. The un-
paid principal of Sixty-one Hundred and
Seventy-five ($6175.00) DOLLARS shall be
amortized over a period not to exceed 40
years with annual interest at three (3%)
per cent upon all unpaid principal. Buyer
shall pay or cause to be paid installments
or principal and interest semi-annually
to the Commissioner of the General Land
Office at Austin, Texas, on or before the
first day of each May and November here-
after until the total purchase price is
paid. The amount of One Hundred & thirty-
three and 06/100 ($133.06) DOLLARS shall

be due and payable on or before the 1st day of November, 1950, and the amount of One Hundred & thirty-three and 06/100 ($133.06) DOLLARS shall be due and payable semi-annually on or before the first day of each May and November thereafter until the total purchase price and interest have been paid. All interest and principal which shall become delinquent shall bear penal interest at the rate of five (5%) per cent per annum from the date same becomes delinquent. It is further agreed and understood that buyer may on any installment date pay or cause to be paid any or all of the unpaid principal, but payment of a portion of the unpaid principal will not relieve buyer from payment of the regular semi-annual installments thereafter in the amount of One Hundred & thirty-three & 06/100 ($133.06) DOLLARS."

Section 17 of Senate Bill 29 (Acts 51st Leg., R.S. 1949, ch. 318, p. 597), which controls the terms of this contract, and also the act as amended, Article 5421r § 17 (Acts 52nd Leg., R.S. 1951, ch. 324, p. 550), provides "that the purchaser shall have the right on any installment date to pay any or all installments still remaining unpaid."

It can readily be seen that the wording in the contract relating to premature payments of the principal was taken from the portion of the statute quoted above. The phrase "installment date" appearing in both the contract and the statute must be explained by the portion of the contract relating to the installments. The installments are therein required to be paid "on or before the first day of May and November," and therefore the phrase "installment date" clearly refers to November 1 and May 1 of each year, since these are the dates upon which the installments become due. Lovenberg v. Henry, 104 Tex. 550, 140 S.W. 1079 (1911); National Bank of Commerce v. Kinney, 98 Tex. 293, 83 S.W. 368 (1904); Fenner, Beane & Underleider v. Donoshy, 62 S.W.2d 269 (Tex.Civ.App. 1933, error dism.)

Both the statute and the contract require that any premature payment shall be made on or as of the next "installment date." The "installment dates" are shown by the contract to be November 1st and May 1st of each year. We therefore agree with the Board that Hart's entire obligation included interest up to the next installment date following the date of remittance of the unpaid principal and that interest was properly charged to May 1, 1953.

## SUMMARY

Section 17 of Senate Bill 29 (Acts 51st Leg., R.S. 1949, ch. 318, p. 597), as well as Art. 5421m § 1⁻ (Acts 52nd Leg., R.S. 1951, ch. 324, p. 550), which amended it, requires that interest on veterans' land loans be computed to the next semi-annual installment date when payment in advance of due date is tendered.

APPROVED

Jesse P. Luton, Jr.
Land Division

Willis E. Gresham
Reviewer

Mary K. Wall
Reviewer

Robert S. Trotti
First Assistant

John Ben Shepperd
Attorney General

Yours very truly,

JOHN BEN SHEPPERD
Attorney General

By Thomas Black
Thomas Black
Assistant