M. W. FRUIT COMPANY, Appellant,

v.

C. T. SISSELL, Appellee.

No. 4183.

Court of Civil Appeals of Texas.

Waco.

Oct. 17, 1963.

Rehearing Denied Nov. 7, 1963.

The only issue submitted or found by the jury related to damages. No complaint is made of the issue or verdict. Judgment for plaintiff was rendered on the damage finding.

The printed form contract was dated October 20, 1961. By its terms plaintiff sold to defendant all his grapefruit of merchantable quality at the time of picking for $35 per ton. The printed form provided that "all fruit hereby contracted for shall be picked by buyer *approximately on or before* Date ————", the blank being filled with the date, January 1, 1962.

Immediately after the contract was made the purchaser picked 67 tons of fruit, leaving on the trees what the jury found amounted, in January, 1962, to 45 tons of merchantable quality fruit. A freeze which the evidence shows occurred some time between January 8th and January 12th, 1962 destroyed the fruit remaining. Appellant says the freeze which caused most of the damage occurred January 11th or 12th.

Appellant does not assert the court erred in failing to submit to the jury any fact issue relating to the intention of the parties. On the contrary it insists it desires to make it clear that it is "not contending that the construction" of the contract "was not properly one for the court, rather than for the jury"; and that there is no contention that the agreement is ambiguous, or that its language had any special meaning by usage or custom. Appellant's point is that, as a matter of law, it did not delay picking the fruit beyond a time which was "approximately on or before January 1, 1962"; that destruction by freezing occurred before that time expired; and the court erred in concluding that failure to pick before the freeze was a breach of the contract.

Having excluded consideration of any question concerning propriety of interpretation by the court as a question of law, appellant's position requires us to determine only whether the trial court's construction is erroneous as a matter of law.

Kelley, Looney, McLean & Littleton, Edinburg, for appellant.

Strickland, Wilkins, Hall & Mills, Mission, for appellee.

WILSON, Justice.

Plaintiff, owner of a grapefruit grove, sued defendant, a citrus fruit dealer under Art. 118b, Vernon's Ann.Tex.Stats., as purchaser, for damages resulting from failure to pick the fruit before a freeze. He alleged the failure was a breach of the purchase contract. The trial court concluded the contract was unambiguous, and its interpretation was a matter of law not dependent on any disputed issue of fact.

The unqualified words, "on or before" would clearly require that the purchaser pick the fruit not later than January 1st. Lovenberg v. Henry, 104 Tex. 550, 140 S.W. 1079, 1080. Considered most favorably to appellant, and ignoring the words "or before," the contract says the fruit should be picked "approximately" on January 1st.

The word "approximately" means, literally, "coming near" or "approaching closely". Webster's New International Dictionary (1959); I Century Dictionary 280. It is to be construed with reference and in relation to the subject matter. It has been variously defined as "very nearly", "with only negligible variations from entire accuracy", "a little more or less", "close", "nearly exact", "about", "without substantial variance". 3A Words & Phrases p. 517; 6 C.J.S. 131; Black's Law Dictionary (3rd ed.) 132.

■ We are of the opinion that where the time of delay after January 1 constituted from 1/9th to 1/6th of the total contract period of 72 days elapsing from its date to January 1st, the purchaser did not pick the fruit "approximately" on January 1st; and we cannot say that the trial court erred in concluding that appellant's delay until the freeze destroyed the crop constituted a breach of the contract.

■ Appellant urges a further contract provision that the buyer should not be liable for damages caused by frost or freeze affecting the fruit prior to picking, absolves it of liability. The exculpatory clause became operative here as an excuse after the time for performance had passed, and subsequent to breach. Impossibility of performance by destruction of the subject matter of a contract of sale which supervenes after purchaser's breach is not an excuse for nonperformance. 6 Williston, Contracts (Rev. ed.) Sec. 1967A. In our opinion the provision ceased to be effective as a defense when the time for performance had expired. Affirmed.