**Laura C. FORTSON and Doris Ann Fortson, Appellants,**

**v.**

**J. A. BURNS, Appellee.**

**No. 5108.**

Court of Civil Appeals of Texas, Waco.

April 20, 1972.

Rehearing Denied May 11, 1972.

Neil Brans and E. P. Wilson, Dallas, for appellants.

Roe & Ralston, Corsicana, for appellee.

HALL, Justice.

The appellee-plaintiff, J. A. Burns, filed this action against the appellants-defendants, Laura C. Fortson and Doris Ann Fortson, on August 31, 1971, alleging that on March 31, 1967, John C. Eckert and wife purchased 1231 acres of land from the defendants; that at that time, Eckert and wife executed a vendor's lien note in the amount of $100,000 payable to defendants; that the note is secured by a vendor's lien retained in the warranty deed from the defendants to the Eckerts, and by a deed of trust lien; that both the vendor's lien and the deed of trust lien are second and inferior to a lien held by John Hancock Mutual Life Insurance Company on the property; that plaintiff purchased the property from the Eckerts and is now its owner; that when he purchased the land he assumed the payment of the vendor's lien note made by the Eckerts to the de-

fendants; that on August 30, 1971, he offered payment of the principal amount due and owing on the note, together with the accrued interest thereon, to the defendants and that "although they said they would accept said payment, (they) refused to execute a release of said liens above-mentioned"; that plaintiff has deposited $75,515.88 into the registry of the court, which is the amount of principal and accrued interest due and owing on the note as of August 31, 1971; that the defendants have intentionally refused to accept his tender of payment of the note, and that they refuse to execute a release of all liens now held by them on the land. Plaintiff pleaded portions of the note, and attached a full copy thereof to his petition.

Plaintiff sought an order requiring the defendants to accept the money deposited with the court in full satisfaction of the note and requiring them to execute releases of the vendor's lien and deed of trust lien; or, alternatively, that the court declare the money to be the property of defendants and declare the liens void.[1]

The portions of the note that are critical to this lawsuit read as follows:

"Corsicana, Texas, March 31, 1967.

"At the times and in the manner set out below, without grace, for value received, I, we, or either of us, promise to pay to the order of Laura C. Fortson and Doris Ann Fortson in Corsicana, Texas, the sum of One Hundred Thousand and no/100 ($100,000.00) Dollars, with interest thereon from date at the rate of 6½% per centum per annum until maturity and thereafter until paid at the rate of ten per centum per annum. Said interest is payable as set out herein below.

"* * *.

"This note is payable in fourteen (14) annual installments of $6,666.66 each, and a fifteenth (15th) and final install-ment in the amount of $6,666.76, with accrued interest thereon being due and payable in addition to said principal installments, the first of said installments being due and owing on or before the 31st day of March, 1968, and one installment being due and owing on or before the 31st day of each succeeding March thereafter until said note shall have been paid in full.

"* * *.

"This note or any part thereof may be prepaid at any time without penalty."

The defendants answered with a general denial, and specially denied that the note "gives the plaintiff any right to accelerate the payment of said note without the payment of all interests which would be due thereon in accordance with the terms and provisions of said note."

Plaintiff filed a motion for summary judgment, and a supporting affidavit. The defendants filed a response to the motion and a counter-affidavit. After a hearing, the trial court granted plaintiff's motion for summary judgment; ordered that the clerk deliver the $75,515.88 to defendants; adjudged the liens held by the defendants on the property to be void; and decreed that the liens be "cancelled."

In his affidavit, plaintiff stated that on August 30, 1971, he went to the residence of the defendants in Corsicana and offered them the principal amount due on the note with accrued interest to that date; that the defendants said that they would accept the payment but would not release the liens securing the note; that he caused this suit to be filed and deposited $75,515.88 into the registry of the court, "which is the amount of principal and accrued interest due."

In their brief, the defendants question the sufficiency of plaintiff's summary judgment proof to show that he is now the

---

1. Pleadings for other relief were abandoned by plaintiff before the case was submitted to the court.

owner of the land, or that he assumed payment of the note, or that he made a bona fide tender of payment to defendants before suit, or that the note is secured by deed of trust on the property, or whether the lien held by John Hancock Mutual Life Insurance Company has been paid in full thereby making defendants' lien a first lien, or that he made the alleged deposit into the registry of the court. However, in oral argument before this Court, counsel for defendants stipulated and admitted that those facts are true, and acknowledged, as contended by appellee in his brief, that the only difference between the parties, and the only true question in the case, is this: When prepaying the balance of the principal of the note on August 31, 1971, rather than paying it in the eleven remaining installments annually as they became due, was the plaintiff required by the terms of the note to pay the interest that would have accrued thereon if the note had run its full fifteen-year term or was he required thereby only to pay the interest that had accrued up to the time of prepayment?

The defendants contend in their brief, and orally argued before this court that the note is ambiguous as to prepayment interest provisions, and that a determination of the intentions of the Eckerts and the defendants is necessary to settle that ambiguity; and that, if not ambiguous, the note cannot be properly construed to permit the maker to accelerate its payment and thereby avoid payment of the interest that would accrue during its full fifteen-year term. They assert that the tender made by plaintiff and the sum he deposited in the registry of the court, and the amount ordered paid to them by the court in satisfaction of the note, deprives them of $27,000 in interest that they are due "in accordance, with the terms" of the note. Of course, the plaintiff takes the contrary view, and contends that the terms of the note entitled him to prepay it at any time without penalty for doing so; that he owes only the interest accrued to the time of prepayment; and that the court's construction of the note was correct.

■ We find no ambiguity in the terms and provisions of the note. Each installment was payable "on or before" its due date. They were, therefore, payable at the end of the maximum period allowed for the payment of each, or at any time in advance thereof, at the option of the payor. Lovenberg v. Henry, 104 Tex. 550, 140 S. W. 1079, 1080. Moreover, the note expressly provided that it could be prepaid at any time without penalty. The note contains no other provision regarding the payment of interest in the event of prepayment of the principal.

■ It is our construction of the note that plaintiff was privileged to prepay the note at any time of his choosing; and that, upon doing so, he was obligated to pay only the interest that had accrued to the time of prepayment.

At the time of plaintiff's tender the unpaid principal of the note (the eleven remaining installments) totalled $73,333.36. We judicially know that the interest that accrued on this principal balance during the five-month period from March 31, 1971, until August 31, 1971, at the rate of 6½% per annum, was $1,986.11. The principal and the accrued interest total $75,319.47.

Plaintiff's tender of $75,515.88 into the registry of the court, all of which was ordered paid to the defendants, was more than adequate for prepayment of the note. The judgment is therefore affirmed.

Affirmed.