Richard S. KARAM and Wife, Hannah B. Karam, Appellants,

v.

William L. BALLOU, Lee P. Kurtenbach, Joel D. Kurtenbach and Eric L. Kurtenbach, Appellees.

No. 9208.

Court of Appeals of Texas, Texarkana.

May 31, 1984.

Rehearing Denied June 26, 1984.

William McDowell, Sulphur Springs, for appellants.

Hardy Moore, Paris, for appellees.

BLEIL, Justice.

This appeal concerns the extent that the terms of a promissory note allow prepayment without penalty. We determine that the note provides a full prepayment right and reverse the trial court's judgment.

In November, 1979, William Ballou purchased five tracts of Lamar County land totaling about 1200 acres from Morris and Martha Jo Cass. In part payment he gave them five noninterest bearing notes which are identical in language except for the principal amounts. Each note provides that it is:

> Payable in 180 equal monthly installments of $_____ [different amount on each note] each, the 1st of such monthly installments to become due and payable on or before the first day of January, 1980, and a like sum to become due and payable on or before the same day of each succeeding month thereafter, until this indebtedness is paid in full ....

In February, 1980, Ballou agreed to sell the land to Richard S. Karam and his wife, Hannah, and Marvin W. Baker and his wife, Barbara. The parties executed a contract of sale providing for cash payments, the execution of certain new notes, and the assumption of the five Cass notes. The Karams made the initial cash payment when they signed the contract and in February, 1980, the sale closed. Ballou delivered his warranty deed and received the following real estate note which is the focal point of this suit:

> FOR VALUE RECEIVED, I, we, or either of us promise to pay to the order of WILLIAM L. BALLOU at Paris, Texas, the sum of ONE HUNDRED TWENTY–ONE THOUSAND TWO HUNDRED SEVENTY–SIX AND 40/100 ($121,276.40) DOLLARS, as follows: $75,-

000.00 Dollars on or before May 15, 1980 and $46,276.40 on or before July 15, 1980, with interest from March 1, 1980 until maturity at the rate of eight (8%) percent per annum payable at maturity as it accrues.

FOR VALUE RECEIVED, I, we, or either of us further promise to pay to the order of WILLIAM L. BALLOU at Paris, Texas interest at the rate of eight (8%) percent per annum on the unpaid balance of five (5) notes described as follows:

| Payee | Original Principal Amount | Principal Balance | Monthly Payments |
|---|---|---|---|
| Martha Jo Cass | $274,986.00 | $271,930.60 | $1,527.70 |
| Martha Jo Cass | 83,920.50 | 82,988.05 | 466.23 |
| Martha Jo Cass | 59,719.50 | 59,055.95 | 331.77 |
| Morris Cass | 114,597.00 | 113,323.70 | 636.65 |
| Martha Jo Cass | 6,498.00 | 6,425.80 | 36.10 |

said interest payments are to be calculated from March 1, 1980 and are to be calculated on a monthly basis paid annually on August 1, 1980 and on August 1 of each succeeding year thereafter until the above described notes are paid in full.

---

Ballou received the cash payments plus eight percent interest and the annual eight percent interest payment due on August 1, 1980. The Bakers conveyed their interest in the property to the Karams. The Karams made regular monthly payments on the five original Cass notes.

Before the next annual interest payment of August 1, 1981 was due the Karams agreed with Martha Cass' guardian to exchange these four noninterest bearing notes for a single note for $225,000.00 at twelve percent per annum, reciting that it was "given in full payment, accord and satisfaction of the four noninterest bearing notes executed by William L. Ballou in favor of Martha Jo Cass on November 20, 1979 ...." When the Karams attempted to pay interest due in light of the discharge of the Martha Cass notes, Ballou refused payment claiming that the Cass notes did not provide a right of prepayment without penalty.

Ballou initiated this suit for payment of the eight percent interest on the principal balance of the five original notes. He prevailed in the trial court and obtained a judgment in the amount of $126,141.00 plus $12,614.00 attorney's fees. The court further declared that the eight percent interest was due and payable monthly on the

unpaid principal balances of the original notes and granted foreclosure to secure the judgment. The trial court entered findings of fact and conclusions of law.

The Karams complain that certain of the court's findings and conclusions are against the great weight and preponderance of the evidence and are not supported by any evidence. In reviewing no evidence points we consider only the evidence tending to support the finding. We view the evidence in the light most favorable to that finding. *Glover v. Texas Gen. Indem. Co.*, 619 S.W.2d 400 (Tex.1981). When competent evidence supports a finding we affirm unless that evidence is insufficient or unless a finding is so against the great weight and preponderance of the evidence as to be manifestly wrong. *Harrison v. Chesshir*, 159 Tex. 359, 320 S.W.2d 814 (1959). We determine that the fact findings are supported by sufficient evidence and that no finding is so against the great weight and preponderance of the evidence as to be manifestly wrong.

However, the critical complaints concern whether the language of the Cass promissory notes provides for prepayment of the notes. The trial court concluded that the prepayment provision of the Cass notes is unambiguous and that the "on or

before" provision of the notes presents only a limited right to prepay the following month's installment due under the notes. We agree that the provision is unambiguous, but conclude that the notes grant a full right to prepay any installment due at any time. *Lovenberg v. Henry,* 104 Tex. 550, 140 S.W. 1079 (1911), held that the words "on or before" are so commonly used in promissory notes as to be well understood to mean, immediately at or any time in advance of, a period named. More recently *Fortson v. Burns,* 479 S.W.2d 722 (Tex.Civ.App.—Waco 1972, writ ref. n.r.e.), addressed the meaning of installments payable "on or before" a due date. Citing *Lovenberg,* it found that the monthly installments were payable at the end of the maximum period allowed for the payment of each, or at any time in advance thereof, at the option of the payor. A plain, literal reading of the words compels the conclusion that each installment was payable *on or before* a set period. *See, State v. Ratzburg,* 215 La. 295, 40 So.2d 395 (1949). We determine that the Karams were entitled to prepay without penalty the amounts owed to Ballou.

The judgment awarding interest on the four Martha Cass notes and ordering foreclosure on the land securing payment of those notes is reversed. The cause is reversed and remanded to the trial court for entry of a judgment awarding the amount owed on the unpaid Morris Cass note together with any interest owed on the Martha Cass notes before their payment. The other points raised by the Karams are moot in light of this determination.

We reverse and remand.

CORNELIUS, Chief Justice, dissenting.

The majority correctly decides that the Cass notes were prepayable at any time, but I would hold that the Cass notes were not paid in full as that term is used in the Karam/Ballou note.

As between the parties to a note, the discharge of an obligation by any means is the equivalent of payment, but when the technical meaning of payment affects the rights of third parties, as it does here, discharge and payment are not necessarily the same. An accord and satisfaction discharges the original obligation and substitutes a different type of performance or promise, but it does not constitute payment in the strict sense of that term. *State v. Tyler County State Bank,* 277 S.W. 625 (Tex.Comm'n App.1925, holding approved); *Barcus v. J.I. Case Threshing Mach. Co.,* 197 S.W. 478 (Tex.Civ.App.—Amarillo 1917, writ dism'd); *Egbert v. Egbert,* 235 Ind. 405, 132 N.E.2d 910 (1956); *Continental Gin Co. v. Arnold,* 52 Okl. 569, 153 P. 160, 162 (1915); 1 Tex.Jur.3d *Accord & Satisfaction* § 2 (1979); 44 Tex.Jur.2d *Payment* § 2 (1963); 1 C.J.S. *Accord & Satisfaction* § 1 (1936). There was an accord and satisfaction here as the trial court and all parties agreed. Karam had assumed the Cass notes, and he was in a position to extinguish them by any agreement satisfactory to the Cass estate. It was not necessary for Ballou to join in the agreement.

The dispositive point is the proper interpretation of the Karam/Ballou note, not the Cass notes. The Karam/Ballou note required the payment of interest until the Cass notes were paid in full. An accord which merely substituted another note for the original ones does not constitute payment in full within the meaning of the Karam/Ballou notes. *Mortgage Corp. of N.J. v. Manhattan Savings Bank,* 71 N.J. Super. 489, 177 A.2d 326 (Law Div.1962).

I would affirm the judgment on the basis that the Cass notes were not paid in full.