**Dissenting opinion issued July 28, 2014.**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-11-00460-CV

———————————

**GENERAL METAL FABRICATING CORPORATION, GMF LEASING, INC., AND ARNOLD CURRY, Appellants**

**V.**

**JOHN STERGIOU AND MAIN MARINE REPAIR AND INDUSTRIAL CLEANING COMPANY, Appellees**

---

**On Appeal from the 133rd District Court**
**Harris County, Texas**
**Trial Court Case No. 2000-00900**

---

## DISSENTING OPINION ON REHEARING

Although I agree with the Court that the parties' Rule 11 agreement is enforceable, I disagree with the Court's interpretation of the agreement's payment

provisions in its May 29, 2014 opinion. I would hold—as the Court did in its last opinion—that the Rule 11 agreement includes a right of prepayment and therefore authorized Curry to pay the entire amount owed on or before the down-payment deadline. In its third opinion issued on September 17, 2013, the Court correctly held that:

> the contractual terms surrounding prepayment are unambiguous. The [R]ule 11 agreement is worded in such a way that it can be given a certain or definite legal meaning or interpretation. We therefore construe the contractual terms as a matter of law and hold that the GMF Companies had the option to prepay the amount on or before the May 3 down-payment deadline.

Because the Court has changed course and now holds otherwise, I do not join that part of the Court's opinion and I respectfully dissent from the Court's judgment.

The GMF Companies correctly assert that the words "on or before" have a particular, commonly accepted meaning: they permit the obligor to pay any amount of principle not due "'immediately at or at any time in advance of,' 'a period named.'" *Lovenberg v. Henry*, 140 S.W. 1079, 1080 (Tex. 1911). Nothing in the Rule 11 agreement prohibits prepayment. Yet, relying on the "structure" of an agreement drafted in haste while the jury deliberated, the Court concludes that any right of prepayment is severely limited in this case—i.e., Curry may prepay the down payment of $20,000 principal but may not prepay the future monthly installments. The Court adopts this construction of the agreement because the

down-payment and monthly installment provisions are "separately stated . . . using complete punctuation."

I would not place such great weight on the "structure" of the Rule 11 agreement. The right of prepayment is not important because it allows for the payment of principal before it is due. The right of prepayment is important because it allows for the avoidance of unearned interest. By holding that the Rule 11 agreement only authorizes Curry to prepay $20,000 in principal as a down-payment, the Court renders the "on or before" language meaningless because no interest was earned on that amount. Instead, the Rule 11 agreement provides for the accrual of interest after the down-payment deadline. I agree with the GMF Companies that "the only way to give meaning to 'on or before' in the 'down-payment' paragraph—and to harmonize that term-of-art with the more restrictive 'on' in the next paragraph—is to interpret the [Rule 11 agreement] as authorizing [the GMF Companies] to prepay so much of the settlement amount as [they] desired (including the full amount), so long as that occurred on or before" the down-payment deadline.

I also agree with the GMF Companies that the plain language of the Rule 11 agreement (i.e., monthly installments are only due "*until* the Note has been paid in full") clearly contemplates the accrual of interest on the unpaid principal balance, but only as long as there is a balance. As the GMF Companies correctly point out,

3

other courts have consistently construed "until paid" and similar terms (i.e., "if not sooner paid") as authorizing prepayment, and those cases are sufficiently analogous to this case to be useful as persuasive authority. Notably, neither Stergiou nor the Court has been able to identify any contrary authority.

In light of the plain language of the Rule 11 agreement and given that there is no dispute that Curry tendered the full $300,000 owed under the agreement to Stergiou, I would reverse the trial court's summary judgment that the Rule 11 agreement did not convey any right of prepayment and render judgment for the GMF Companies on this issue.


Jim Sharp
Justice

Panel consists of Justices Jennings, Sharp, and Brown.

Justice Sharp, dissenting.