### NATIONAL PRODUCTS CO. v. MAGNOLIA PETROLEUM CO.

No. 24841. Oct. 29, 1935.

Rehearing Denied Jan. 7, 1936.

Supplemental Petition for Rehearing Denied Jan. 28, 1936.

West & Davidson, for plaintiff in error.

B. B. Blakeney, Hubert Ambrister, and W. R. Wallace, for defendant in error.

PHELPS, J. Magnolia Petroleum Company, defendant in error here and defendant below, was the owner of two leases located in Creek county, Okla., one of which contained 80 acres and the other 82 acres, upon which leases 43 oil wells were drilled. One of the leases provided that the lessee "* * * shall have the right to use, free of cost, gas, oil and water produced on said land, for its operations thereon. * * *" The other had a provision to the effect that the lessee "* * * shall have the right to use sufficient oil, gas and water from said premises to run all machinery for drilling or operating such wells as may be drilled or operated. * * *"

A contract was entered into with National Products Company, plaintiff in error here and plaintiff below, by the terms of which the lessee agreed to furnish plaintiff in error all the casinghead gas from the wells located on these leases. By the terms of this contract, plaintiff in error agreed to return the dry gas to the lessee's lines after the gasoline had been extracted therefrom. Plaintiff in error built its gasoline plant, which it operated for several years. Defendant in error disconnected eight of these wells from the lines of plaintiff in error and refused to further furnish plaintiff in error the gas from these wells, whereupon plaintiff in error filed its action in the district court of Creek county, praying for an injunction, prohibiting defendant in error from continuing such disconnections and requiring it to restore the connections and permit the casing head gas to flow into the lines of plaintiff in error.

Judgment was for the defendant, and plaintiff appealed to this court.

It appears that in operating these 43 wells on these leases defendant had 21 engines which were operated or fueled by gas from the leases. It was the contention of the plaintiff in the trial court, and it is its contention here, that under its contract with defendant it was entitled to receive all of the casinghead gas produced upon these two leases, providing the same did not exceed 5,000,000 cubic feet per day, while it was the

contention of the defendant in the trial court, and it is its contention here, that this contract to furnish the casinghead gas to plaintiff was made with the knowledge and within the contemplation of the provisions of the lease contract under which defendant developed the property, and, although the contract between plaintiff and defendant did not specifically provide therefor, that defendant was entitled to use all of the casinghead gas necessary to operate the leases for the production of oil, which was the primary purpose to be accomplished. It further claims that it disconnected these eight wells for the reason that it needed the casinghead gas for its own use in operating the property, and it was for the purpose of using the gas itself in the operation of the leases that caused it to disconnect plaintiff's lines to these wells.

There was evidence tending to show that the gas flow from these leases had materially decreased and the trial court's finding and conclusion that it was necessary for defendant to use all this gas itself in operating the leases instead of selling it to plaintiff was abundantly justified by the evidence, and, if the trial court's conclusion that injunctive relief should be denied is correct, the judgment must be affirmed. Section 9460. O. S. 1931, provides:

"A contract must be so interpreted as to give effect to the mutual intention of the parties, as it existed at the time of contracting, so far as the same is ascertainable and lawful."

In 13 C. J. 540, in discussing this question it is said:

"The words of a contract will be given a reasonable construction, where that is possible, rather than an unreasonable one, and the court will likewise endeavor to give a construction most equitable to the parties, and which will not give one of them an unfair or unreasonable advantage over the other. So that interpretation which evolves the more reasonable and probable contract should be adopted, and a construction leading to an absurd result should be avoided."

Also in 6 R. C. L. 841, the following language is used:

"Contracts must receive a reasonable interpretation, according to the intention of the parties at the time of executing them, if that intention can be ascertained from their language. Where the language of a contract is contradictory, obscure, or ambiguous, or where its meaning is doubtful, so that it is susceptible of two constructions, one of which makes it fair, * * * the other makes it inequitable, unusual, or such as reasonable men would not be likely to enter into, the interpretation which makes a rational and probable agreement must be preferred. If one construction would make it unreasonable, while another would do justice to both parties, the latter will be adopted."

In Ardizonne et al. v. Archer, 72 Okla. 70, 178 P. 263, we held that the words "paying quantities" in an oil and gas lease contract should be construed to mean the finding of oil and gas in such quantities as would justify the expectation of a reasonable profit above the entire cost of drilling and operating the well. In Mussellem et al. v. Magnolia Petroleum Co., 107 Okla. 183, 231 P. 526, in the first paragraph of the syllabus, in considering the construction of contracts, we used the following language:

"A contract must receive such interpretation as to make it lawful, operative, reasonable, definite and capable of being carried into effect, if such can be done without violating the intention of the parties."

A careful examination of the record and review of the authorities lead us to the conclusion that the trial court committed no error in its conclusions from the evidence and its application of the law. There are other questions presented in the appeal which, in view of the conclusion here reached, are unnecessary for us to consider.

The judgment is affirmed.

McNEILL, C. J., and OSBORN, BAYLESS, and CORN, JJ., concur.