**40 So.2d 395**

**STATE ex rel. ELLIOTT et al. v. RATZBURG et al.**

No. 38927.

March 21, 1949.

Rehearing Denied April 25, 1949.

C. B. Prothro, of Shreveport, for plaintiffs-appellants.

W. M. Phillips, of Shreveport, for defendants-appellees.

PONDER, Justice.

The relators have appealed from a judgment rejecting their demands, in a mandamus proceeding, for the cancellation of a mortgage.

The relators purchased from E. H. Lyles and his wife, by credit deed, Lots 10 and 11 in Block 4 in the Dixie Place Annex, a sub-division of Caddo Parish, with the buildings and improvements thereon, for a consideration of $3,800, payable as follows: $1,250, cash and the balance to be paid in monthly installments of $40 each, due on or before the fifth day of each month beginning April 5, 1946. A note was executed and identified with the mortgage, retained in the credit deed, calling for the balance of the unpaid purchase price, wherein it was stipulated that the note is

payable in monthly installments of $40, each due on or before the fifth day of each month beginning April 5, 1946 and a like sum on or before the fifth day of each succeeding month until the note has been paid in full. The note bears 6% interest from date, payable monthly, until paid. The relators made regular payment on the note through October 5, 1947, at which time they offered to pay the respondent the balance due on the principal and the accrued interest, which was refused by the respondents after a tender had been made. Thereupon the relators filed the present suit seeking to have the mortgage securing the note cancelled and erased from the records of Caddo Parish. The trial judge was of the opinion that the words "on or before" recited in the deed and note did not signify that the maker of the note had the right to pay all the installments and accrued interest at one time, i. e., liquidate the obligation prior to its maturity without paying the entire interest on the full term of the note. He therefore rejected the relators' demand and they have appealed.

Opposing counsel contend that the only question presented for our determination is whether the relators have the right under the terms of the deed and the note to pay the entire balance due plus accrued interest only or can the holder of the note refuse to surrender the note until the relators pay the balance with interest for the full term of the note.

Under the provisions of Article 1945 of the Revised Civil Code parties are governed by their legal agreements and courts are bound to give legal effect to the contracts according to the true intent of the parties, which intent is to be determined by the words used in the contract. It is true that Article 2052, Revised Civil Code provides that "What is due only at a certain time, cannot be demanded before the expiration of the intermediate time" but where the parties have agreed that it may be paid on or before a certain time it would appear that the obligor has the right to discharge the debt at any time before the day named. He cannot be compelled to pay the debt before its maturity but the privilege of paying it before that time is granted to him by the use of the words "on or before". It is a well recognized rule of construction that words must be given their common accepted meaning. From our examination of the jurisprudence of other states, it appears that the common law authorities are divided although the weight of the jurisprudence is to the effect that the use of the words "on or before" where there is no stipulation prohibiting the payment before maturity gives the debtor the option or privilege of paying the principal with accrued interest at any time he sees fit prior to maturity.

Article 2053, R.C.C. is identical with Article 1187 C.N. The comments of the French Commentators are more persuasive in a determination of the issue raised in

this case because we are governed by the civil law.

"There remains for us to observe, bearing on the effect of the term, that being presumed to be inserted in favor of the debtor (citing laws), the debtor may well defend himself against paying before the expiration of the term; but the creditor may not defend himself against receiving if the debtor wishes to pay; unless it should appear from the circumstances that the time of payment was agreed upon in favor of the creditor as well as in favor of the debtor." Pothier, Obligations, n. 233 (Vol. I)—Translation.

"The term is always presumed stipulated in favor of the debtor, if the contrary is not written in the contract."

"The term is always presumed stipulated in favor of the debtor unless from the stipulation or circumstances it would result that it has been given in favor of the creditor." Baudry-Lacantinerie, Obligations, Vol. 2, page 151, par. 974, et seq.

In this case we have an additional factor in favor of the debtor that grants him an option to retire the obligation whenever he sees fit because the due date of the installments are fixed as being "on or before" the fifth day of each month.

For the reasons assigned, the judgment appealed from is reversed and set aside, the writ is made peremptory and V. G. Simmons, Clerk of the Court and Ex-Officio Recorder of Mortgages for the Parish of Caddo is hereby ordered to cancel and erase from the Records of Caddo Parish the mortgage recorded in Mortgage Book 312, page 523, resulting from a recordation of a credit deed wherein Robert D. Elliott and his wife purchased from E. H. Lyles and his wife Lots 10 and 11, Block 4, Dixie Place Annex, a subdivision of Caddo Parish, with all buildings and improvements thereon and upon payment of the amount tendered by the plaintiffs. All costs to be paid by the respondents.

O'NIELL, C. J., takes no part.