JESSE S. HEARD, Judge ad hoc.
This is a suit whereby the plaintiffs, Mrs. Elizabeth Washington, widow of Harvey Miles Garrison and her three major children, Mrs. Georgia Bell Garrison, wife of Don Philipe Carlos, Mrs. Elizabeth R. Garrison, wife of Joseph Allen Kimbrell and Harvey Miles Garrison, Jr., seek to recover judgment against Dr. Warren H. Hebert and his wife, Mrs. Eleanor May Hebert, in *917 the amount of $640.73 with legal interest from judicial demand until paid, together with attorney’s fees and all costs.
It is alleged by the plaintiffs that on November 3, 1948, Harvey Miles Garrison, Sr., the husband of Mrs. Elizabeth Washington Garrison and father of Georgia Bell Garrison Carlos, Elizabeth R. Garrison Kimbrell and Harvey Miles Garrison, Jr., borrowed the sum of $9000.00 from Mrs. Eleanor May Hebert and agreed to repay the sum in monthly installments of $87.85 each, beginning December 3, 1948. This note was secured by a mortgage on certain property owned by Harvey Miles Garrison, Sr. Subsequent to the act of mortgage, Harvey Miles Garrison, Sr. died and on August 31, 1956, his succession was opened and his widow, Mrs. Elizabeth Washington Garrison was recognized as surviving spouse and Mrs. Georgia Bell Garrison Carlos, Mrs. Elizabeth R. Garrison Kimbrell and Harvey Miles Garrison, Jr. were recognized as the ■sole and only heirs at law and as such, sent into possession of the property.
On or about February 1, 1956, the plaintiffs sold the property to H. J. Jumonville, Jr. and at the time of the sale, Mrs. Eleanor May Hebert was present and demanded the :amount due on her mortgage, including the ■sum of $640.73, representing the interest which would have accrued if the mortgage loan had run during the full term of the mortgage. She based her demand upon the following provision written in the mortgage:
“It is further understood by the parties hereto that the mortgagors may pay the whole of said note or any balance owing thereon at any time before maturity, or any part thereof in addition to the monthly payments herein fixed. Should anticipated payments on account of principal be made the mortgagors shall nevertheless be required to pay the monthly installments until final payment.
“It is understood by both parties that anticipated payments can only be made by mutual consent of both parties at the time anticipation is offered.”
The plaintiffs alleged further that in order to complete the sale they were required to pay to the defendants, in addition to the amount due at the time of the sale, the sum of $640.73 which they paid under protest, reserving all their rights.
To the plaintiffs’ petition the defendants filed Exceptions of No Cause of Action and No Right of Action, which Exceptions were sustained by the court below and the plaintiffs prosecuted a devolutive appeal therefrom.
The only issue presented to this Court is whether under the terms of the note and mortgage the plaintiffs can be compelled to pay the interest for the full term of the note, or whether they can pay the note before maturity and be relieved of payment of interest not then due.
In construing the terms of payment written into a note and mortgage, the Supreme Court stated in State ex rel. Elliott et al. v. Ratzburg et al., March 20, 1949, 215 La. 295, 40 So.2d 395:
“Under the provisions of Article 1945 of the Revised Civil Code parties are governed by their legal agreements and courts are bound to give legal effect to the contracts according to the true intent of the parties, which intent is to be determined by the words used in the contracts.”
In the case In re Liquidation of Hibernia Bank and Trust Company — In re Intervention of D. H. Holmes Co., Ltd., 189 La. 813, 180 So. 646; the court held that payment of a note can only be made before maturity by consent of both debtor and creditor
The evidence revealed that the intention of the parties was clear, therefore, the judgment of the lower court is affirmed.
Affirmed.