Donald L. HERRINGTON and Ruby Herrington, husband and wife, Homer D. Herrington and Ruth Herrington, husband and wife, Plaintiffs in Error,

v.

M. L. MURPHY and Lillian W. Murphy, husband and wife, Defendants in Error.

No. 41728.

Supreme Court of Oklahoma.

Nov. 5, 1968.

C. A. Whitebook, Frank R. Hickman, Tulsa, for plaintiffs in error.

Loeffler & Allen, Sapulpa, for defendants in error.

DAVISON, Justice.

The parties occupy the same relative positions in this court as in the lower court and will be referred to as "plaintiffs" and "defendants." Plaintiffs appeal from an order and judgment sustaining a demurrer to their petition and dismissing their action. The demurrer was sustained on the ground that the petition did not state a cause of action against the defendants.

Plaintiffs filed their action on July 13, 1965, consisting of two causes of action. In the first cause of action, plaintiffs alleged that on January 1, 1965, they executed and delivered to defendants a promissory note in the sum of $25,560, payable in yearly installments of $8520, which installments were to be paid on or before the first day of each year commencing January 1, 1966, with the right to pay any multiple of the installments on any installment paying date. A copy of the note was attached and the pertinent portions will be hereinafter set out. Plaintiffs further alleged that they executed a mortgage in favor of defendants upon described property in Creek County, Oklahoma, to secure the note, in which the note was described. The pertinent portions of the mortgage will be hereinafter set out. It was alleged that on June 8, 1965, plaintiffs tendered to defendants the full amount of the note and a full year's interest, and demand was made upon defendants to release the mortgage, but that defendants refused the tender and refused to release the mortgage. A copy of the written tender was attached, reflecting tender of the above sums and tender of the expenses of filing and recording a release of the mortgage, with a demand for release of the mortgage. Plaintiffs then alleged that under the provisions of 46 O.S.1961, § 15, the defendants, by reason of failure to release the mortgage, were liable to a forfeiture and payment to plaintiffs of one per centum of the principal debt per diem from June 19, 1965. Plaintiffs requested the court to render judgment against the defendants for such amounts and to adjudicate the

mortgage paid and satisfied. In the second cause of action plaintiffs prayed, in the alternative, that should the court find the defendants were not required to accept the tender of the principal sum and interest, then the court should decree that plaintiffs' deposit of the money with the court was in lieu of the mortgage and constituted a release of the mortgage, and thus place plaintiffs in a position where they could effectively develop the property.

Defendants' demurrer to the petition was sustained and the action was dismissed on September 14, 1965.

It is stated in defendants' brief, and not denied by plaintiffs, that on September 17, 1965, the money deposited by plaintiffs, as stated in the second cause of action, was returned by the court clerk to the plaintiffs. It is further stated in defendants' brief, and not denied, that on January 4, 1966, the plaintiffs paid to defendants the full principal amount of the note and interest for one year and the defendants executed and delivered a release of the mortgage to the plaintiffs.

It is our conclusion that because of these transactions the matters set forth in plaintiffs' second cause of action and the relief therein sought have become moot and require no disposition by this court.

The plaintiffs contend the lower court erred in sustaining the demurrer to the petition. It is plaintiffs' contention that the allegations of the petition, when considered with the language of the note and mortgage, show the plaintiffs had a legal right to accelerate payment of the note during the first year of the term of the note and prior to the date the first installment became due. Plaintiffs further contend that the defendants' refusal of the tender of payment and demand for release of the mortgage, made on June 8, 1965, subjected the defendants to the penalty provided for in 46 O.S.1961, § 15, of one per centum of the principal debt per diem. The issue for determination is whether plaintiffs had the legal right to accelerate pay-

ment of the note debt prior to the date the first installment was due and payable.

■ Plaintiffs admit that, unless so provided in the note, an obligor has no right to accelerate the payment of the principal obligation without the consent of the holder of the note. Grissom v. Dye, Okl., 269 P.2d 367; 10 C.J.S. Bills and Notes § 462, p. 1002.

The note provides as follows:

"For value received, I, we, or either of us promise to pay to the order of M. L. Murphy and Lillian W. Murphy, the sum of Twenty-Five Thousand Five Hundred Sixty and No/100 Dollars ($25,560.00) in installments of Eight Thousand Five Hundred Twenty and No/100 Dollars, ($8,520.00) per year, said installments to be paid on or before the 1st day of each and every year hereafter beginning the 1st day of January, 1966. Deferred payments to bear interest at the rate of 6% per annum from January 1st, 1965 until paid; interest payable annually. * * * Maker shall have the right to pay any multiple of the installment at any installment payment date."

The mortgage provides as follows:

"This mortgage is given to procure the principal sum of Twenty-Five Thousand Two Hundred and no/100 Dollars, (sic) with interest thereon at the rate of 6% per annum, payable ·on or before January 1st, annually from January 1st, 1965 according to the terms of a certain promissory note, described as follows, to-wit: Twenty-five Thousand Five Hundred Sixty ($25,560.00) Dollars to be paid in three equal annual payments with 6% interest on each year balance, due on or before January 1st, each year."

■ The plaintiffs urge that the presence of the words "on or before" in the note and mortgage gave them the option to pay the principal amount before the time fixed for the payment of the installments. They state they are unable to find any Oklahoma decisions upon this point, and we have found none. They cite authority from other jurisdictions to support their position. It appears to be the law that where a paper is payable "on or before" a fixed time, the maker simply has an option to pay it before the time fixed, and the paper does not mature until the expiration of that time. 10 C.J.S. Bills and Notes, § 246c, p. 741; 11 Am.Jur.2d, Bills and Notes, § 285; Colvin v. Blanchard, 101 Tex. 231, 106 S.W. 323; State ex rel. Elliott v. Ratzburg, 215 La. 295, 40 So.2d 395.

■ However, as will be observed from a reading of the above quoted portions of the note and mortgage, this is not a case of a note merely payable on or before a fixed date. There are a number of other provisions and words dealing wtih the method of paying the note indebtedness. The provisions of both the note and mortgage should be considered in determining the intent of the parties.

■ Where a note is executed and a mortgage is given to secure the payment of the note, the two instruments being made at the same time, they should be read and construed together as one contract, and the resulting contract is to be determined by a construction of both in accordance with conventional rules. Rennie v. Oklahoma Farm Mortgage Co., 99 Okl. 217, 226 P.2d 314; Mid-Continent Life Ins. Co. v. Goforth, 193 Okl. 314, 143 P.2d 154; Mid-American Corporation v. Miller, Okl., 372 P.2d 14, 17.

The note provides for payment of the principal amount in installments of $8,520 *"per year,* said installments to be paid on or before the 1st day of *each and every year hereafter* beginning the 1st day of January, 1966. *Deferred* payments to bear interest, * * *."* (emphasis supplied)

The mortgage recites the principal amount of the note with interest at 6% per annum, "payable on or before January 1st, *annually* from January 1st, 1965" and *"to be paid* in *three equal annual* payments with 6% interest on *each year balance, due* on or before January 1st, *each year."* (emphasis supplied)

It is our opinion that the above quoted and emphasized wording of the instruments stress and accentuate payment of the debt in yearly or annual installments and are contrary to a construction that the entire debt could be paid at any time. It is our further opinion that the words "on or before," when considered in connection with the other language, should be construed to give the obligor plaintiffs the privilege of accelerating the payment of an annual installment, as opposed to acceleration of the entire debt. We believe this is the meaning of the language used in drafting the instruments.

We are here concerned only with the rights of the parties during the first year of the term of the note because it is clear that, under the last clause of the note, the plaintiffs could pay any multiple installment at any installment payment date. The parties recognized this when the plaintiffs paid the note in full and the defendants released the mortgage a few days after the first installment payment date.

It is our conclusion that the plaintiffs did not have the right to accelerate the entire debt on June 8, 1965, during the first year of the term of the note.

The lower court did not err in sustaining the demurrer to the petition.

Affirmed.

All the Justices concur.