Jack SHEPHERD, Appellee,

v.

Walter FRENCH and George Edward French, Appellants.

No. 52489.

Court of Appeals of Oklahoma, Division No. 1.

April 1, 1980.

Rehearing Denied May 13, 1980.

Released for Publication by Order of Court of Appeals June 12, 1980.

Chapel, Wilkinson, Riggs, Abney & Keefer by Bill V. Wilkinson, Tulsa, for appellee.

Garrison, Brown & Carlson by Alan R. Carlson, Bartlesville, for appellants.

REYNOLDS, Presiding Judge:

Walter French and George Edward French (Defendants) appeal the trial court's sustention of a partial summary judgment in favor of Jack Shepherd (Plaintiff) that ordered specific performance of the parties' contract for sale of a business.

■ A summary judgment is properly granted only where the pleadings, exhibits, admissions, and depositions present no substantial controversy as to material facts or issues. *Weeks v. Wedgewood Village, Inc.*, Okl., 554 P.2d 780 (1976). Specific performance is an equitable action and its application is addressed to the sound discretion of

the trial court. *Bobo v. Bigley*, Okl., 548 P.2d 224 (1976). To be entitled to specific performance of a contract Plaintiff must show: (1) The existence of a valid binding contract with Defendant; (2) that the contract is just and that its enforcement would be equitable; (3) Plaintiff's performance of his obligations under the contract or his readiness and willingness to do so; and (4) the Defendant's ability to perform.

As their sole proposition of error, Defendants contend that there is a substantial factual controversy concerning Plaintiff's performance of his obligations under the contract that precludes the sustention of a summary judgment. Defendants assert that Plaintiff breached the parties' contract by failing to pay the contract price in full in accordance with the contract's terms.

On March 3, 1976, Plaintiff and Defendants entered into the following contract:

## SALES CONTRACT

AGREEMENT MADE March 3, 1976, Between Walter French and George Edward French, of Bartlesville, Oklahoma, Sellers, and Jack Shepherd, Buyer.

WHEREAS, Sellers desire to sell the business operated by them in Bartlesville, Oklahoma, under the name of Walt's Cycle Center, at 2650 S.E. Washington Boulevard, and Buyer desires to purchase the business as a going concern, exclusive of cash and accounts receivable, and free of any obligations for accounts payable or other liabilities of the Sellers.

IT IS AGREED:

Sellers shall sell to Buyer, free of any liabilities and encumbrances, the goodwill of the business, the exclusive right to use the tradename, Honda, the right to the Honda franchise, and to the extent permitted under Seller's Honda contract, an assignment of said contract subject to the approval of American Honda Motor Company of Gardena, California, together with a certain inventory attached hereto and made a part of this Agreement. Annual property tax shall be prorated.

IT IS FURTHER UNDERSTOOD that the building at the above address, owned by Sellers, will be rented to Buyer on a monthly basis at a rental of $500.00 per month payable in advance each month, not to exceed three months. Utilities to be paid by buyer during such period.

All records, customer's lists, and correspondence, all files and advertising materials, and data relating to the Honda franchise, are included in the sale.

The Purchase Price for the items above referred to, exclusive of rental, shall be $13,500.00 of which $_____ shall be allocated to physical goods, wares and merchandise, and $_____ to good will.

Parts inventory will be valued and sold separately. Honda-Bultaco signs with supports standard will be removed by Buyer or re-sold to Sellers.

PURCHASE PRICE is payable in full upon signing of this contract and upon the Buyer's assumption of the premises and business.

Sellers will comply with the Bulk Sales Law, by furnishing lists of creditors of the business, as required by Statute.

Sellers covenant that they will not, for a period of one year, sell motorcycles within a radius of ten miles of the location of the above address.

Sellers further covenant that they will lend every reasonable effort on their part to assist Buyer in obtaining full and complete contractual agreement and franchise with Honda.

DATED at Bartlesville, Oklahoma the day above written.

/s/ Jack Shepherd

/s/ Walter French

/s/ George Edward French

Parts and accessories at inventory price.

On March 2, 1976, when it appeared that the parties had reached agreement on the proposed sale, Defendant Walter French contacted Honda Motor Company and requested that an application to approve Plaintiff as a franchisee be sent to Plaintiff and that a visit by a Honda district representative be scheduled. On March 3, Plaintiff entered upon the premises pursuant to

the contract and remained there until the end of the month. Throughout the month motorcycles were repaired and parts were sold but no motorcycles were sold.

On March 3rd or 4th Plaintiff deposited a $13,500 check in escrow in the Plaza National Bank, Bartlesville, to be paid to Defendants upon completion of the contract terms. There was no escrow agreement mentioned in the contract sale.

On March 9, Defendants advised Plaintiff that payment in full was past due because in their opinion he had assumed the business on March 3, and that because of his failure to deliver the $13,500 check on March 3, he had breached the contract, that they were cancelling the contract for sale, and that Plaintiff was to remove himself from the business premises. Two days later, Robert J. Derrick and Tommy Archer entered into a contract with Defendants for the sale of Walt's Cycle Center. The sale price was $25,000. Defendants contacted Honda and requested that Plaintiff's application be withdrawn and Derrick and Archer be substituted.

Shortly thereafter Plaintiff commenced the present litigation.

It is clear that the purchase price was due in full upon the happening of three specific events: (1) The signing of the contract; (2) Plaintiff's assumption of the premises; and (3) Plaintiff's assumption of the business. Plaintiff admits in his brief that he signed the contract. While Plaintiff admits that he entered upon the premises, he denies that his entry could be construed as an "assumption of the premises." Irregardless, Plaintiff characterizes the dispositive issue (a characterization with which we agree) as whether he assumed the business under the terms of the contract.

 Contracts must be interpreted as to give effect to the intention of the parties as ascertained from the language of the contract. *Mortgage Clearing Corp. v. Baughman Lumber Co.*, Okl., 435 P.2d 135 (1967). Contracts are to be construed with each clause helping to interpret the others. *Metropolitan Life Insurance Company v.*

*Fisher*, Okl., 382 P.2d 434 (1963). Interpretation of a contract is a question of law for the court where the language is unambiguous. *Walker v. Telex Corp.*, Okl., 583 P.2d 482 (1978). Construction of an ambiguous contract is a question of law for the court where the ambiguity can be clarified by reference to other parts of the contract or where the ambiguity arises by reason of the language used and not because of extrinsic facts. *Paclawski v. Bristol Laboratories, Inc.*, Okl., 425 P.2d 452 (1967). Whether the contract is ambiguous so as to require extrinsic evidence to clarify the ambiguity is purely a question of law for the court. *Panhandle Co-op. Royalty Co. v. Cunningham*, Okl., 495 P.2d 108 (1971).

After reviewing the contract in question, it is our determination that there is but one reasonable construction to be placed on the provisions therein contained. Defendants desired to sell, and Plaintiff to purchase, Walt's Cycle Center *as a going concern*. A part of that "going concern" is the Honda franchise. All parties stated in their depositions that if the franchise was not awarded to Plaintiff, the contract was terminated and Plaintiff would get his money back. Defendants agreed that Plaintiff would have the exclusive right to use the Honda trade name and the right to the Honda franchise, and an assignment thereof subject to Honda's approval. Defendants agreed to lend every reasonable effort to assist Plaintiff in obtaining Honda's approval.

 The purchase price was not payable until Plaintiff assumed the business. Plaintiff did not assume the business until he became the Honda franchisee. Plaintiff has not yet become the Honda franchisee. Therefore payment in full is not yet due. Plaintiff's failure to deliver the check to Defendants on March 3, 1976, did not constitute a breach of the contract. Plaintiff has shown that he is entitled to specific performance.

AFFIRMED.

BOX and ROMANG, JJ., concur.