966 F.2d 534
 FEDERAL DEPOSIT INSURANCE CORPORATION, a corporation
organized and existing under the laws of the
United States of America, Plaintiff-Appellee,
v.
Odus M. HENNESSEE and Edna M. Hennessee, Defendants-Appellants.
 No. 89-6365.
 United States Court of Appeals,
Tenth Circuit.
 Jan. 3, 1992.
 
 1
 David Bryant, Kline & Kline, Oklahoma City, Okl. (with whom David Kline and Janice Green of the same firm, were on the briefs) for defendants-appellants.
 
 
 2
 Robert D. McGillicuddy (with whom Marc Edwards, Johnny G. Beech, of Phillips, McFall, McCaffrey, McVay, Sheets & Lovelace, Oklahoma City, Okl., John L. Paulhamus, of counsel, FDIC, Oklahoma City, Okl., Ann S. DuRoss, Asst. Gen. Counsel, Joan S. Smiley, Senior Counsel, and Sharon P. Silvertsen, Counsel, FDIC, Washington, D.C., were on the brief), for plaintiff-appellee.
 
 
 3
 Before McKAY, Chief Judge, MOORE, Circuit Judge, and BROWN,* District Judge.
 
 
 4
 WESLEY E. BROWN, Senior District Judge.
 
 
 5
 This action was brought by the FDIC to foreclose on a mortgage executed by Edna Hennessee and to recover on a promissory note executed by her son Odus Hennessee. The district court granted the FDIC's motion for summary judgment. The issue in this appeal is whether the district court erred in granting the FDIC's request for foreclosure of the mortgage.[1]
 
 
 6
 The mortgage at issue arose out of a plan to develop a section of real property near Medicine Park, Oklahoma, known as Big Rock Estates. In 1983, the owner of the Big Rock project was in financial difficulty. Appellant Edna Hennessee decided to purchase the property. She and another individual, Edward Hilliary, arranged financing for the project with the First State Bank of Cache, Oklahoma ("First State Bank").
 
 
 7
 The purchase price of the Big Rock project was in excess of $700,000. Financing for the project was arranged by means of six promissory notes. The notes were executed independently by Edna and her son, Odus Hennessee, and by Mr. Hilliary and his three sons. The purpose of including Mrs. Hennessee's and Mr. Hilliary's children in the financing arrangement was to get around First State Bank's individual lending limitation of $140,000 per person. The notes executed by Mrs. Hennessee and Mr. Hilliary were secured by mortgages on the Big Rock property, while the notes executed by the children were secured by various other guarantees and mortgages. The closing on the deal was held on July 15, 1983. Proceeds from the six notes were first deposited in a trust account and then disbursed to the appropriate parties to complete the sale. Title to the Big Rock Estates was transferred to Edna Hennessee and Mr. Hilliary, who in turn transferred their interests to corporations they had established.
 
 
 8
 The promissory note signed by Odus Hennessee was one of the six executed to finance the purchase of the Big Rock project. The note was executed by him in favor of the First State Bank in exchange for a loan of $140,000, the principal amount of the note. The proceeds of the loan went directly to the trust account used to purchase Big Rock Estates. The note stated that it was secured by a "real estate assignment." It further provided that if any sum were not paid when due, the holder at its option could demand the entire amount due. The note was executed July 12, 1983. It called for 12.50% interest and showed a due date of October 15, 1983.
 
 
 9
 The mortgage at issue here was also dated July 12, 1983. The property subject to the mortgage is Edna Hennessee's personal residence in Comanche County, Oklahoma. The mortgage states that it is granted to Odus Hennessee in consideration of the receipt of $140,000 from him. It further provides: "This conveyance is intended as a mortgage to secure the payment of one promissory note of even date herewith: in the amount of $140,000 dated July 12, 1983 with interest at the rate of 12.50% due October 15, 1983." Below this description appears: "Made to Odus M. Hennessee or order payable at Lawton, Oklahoma with 12.50 per cent interest per annum from date, payable semi-annually, and signed by first party [Edna Hennessee]."[2] The mortgage provides that if any sum under the accompanying debt is not paid when due, the holder may elect to foreclose. It is signed by Edna Hennessee. On August 19, 1983, Odus Hennessee executed an assignment transferring his interest in the mortgage to the First State Bank. It is conceded that the transfer was intended as security for Odus' note to the bank. Both the mortgage and Odus Hennessee's assignment of it were recorded with the County Clerk of Comanche County, Oklahoma, on August 19, 1983.
 
 
 10
 Edna Hennessee and Edward Hilliary met with the president of the First State Bank in July of 1983. The parties orally agreed that the promissory notes given to the bank would be renewed and extended approximately every quarter upon the payment of only the interest that was due on them.[3] On the note signed by Odus Hennessee, Edna and her corporation made the required interest payments for over two years. The date for payment of the note was ultimately continued until January 15, 1986, but no payment of the principal or the interest due was made on that date or thereafter. In January of 1986, the First State Bank was declared insolvent and the FDIC was appointed as liquidating agent. The FDIC subsequently purchased some of the bank's assets, including the mortgage and note involved in this case. The FDIC filed this action in its corporate capacity to foreclose on the mortgage and to recover on the promissory note.
 
 
 11
 The defendants opposed the FDIC's motion for summary judgment in the district court by arguing that the mortgage was invalid. The defendants pointed to the language in the mortgage which stated that it was intended as security for a note "Made to Odus M. Hennessee ... and signed by first party [Edna Hennessee]." It was undisputed that there was no promissory note from Edna to Odus Hennessee. The defendants argued that the mortgage was unenforceable because it secured a non-existent obligation. The FDIC, on the other hand, maintained that the mortgage was intended as security for the promissory note Odus Hennessee gave to the First State Bank. The FDIC noted that the mortgage identified the underlying obligation as a promissory note "in the amount of $140,000 dated July 12, 1983 with interest at the rate of 12.50% due October 15, 1983." The only such note in existence involving Odus Hennessee was the one he executed in favor of First State Bank on the same day the mortgage was executed.
 
 
 12
 The district court granted the FDIC's motion for summary judgment. The court said that the mortgage "clearly identifies the obligation that it secures--the July 12, 1983 note for $140,000." The court was referring to the promissory note executed by Odus Hennessee on July 12, 1983. The court also noted there was no dispute that Edna Hennessee had received the proceeds of the loan made to Odus Hennessee and that this benefit was sufficient consideration to support the mortgage.
 
 
 13
 Appellants make several arguments on appeal, all of which are based on the same premise: that the mortgage is invalid because it purports to secure a non-existent promissory note from Edna to Odus Hennessee. We agree with the district court's view, however, that the mortgage secures Odus Hennessee's note of July 12, 1983 to the First State Bank.
 
 
 14
 Appellants correctly point out that a mortgage is a contract and is generally subject to the rules of construction applicable to contracts. Appellants believe the district court erred by looking beyond the language of the mortgage to determine what the intent of the parties was in executing the mortgage. Relying on the "four corners doctrine," appellants state that the parties' intent must be determined from the instrument itself. According to appellants, the mortgage unambiguously describes the note it secures as a note from Edna to Odus Hennessee and the court may not vary those terms by looking outside of the document.
 
 
 15
 Oklahoma adheres to the widely-accepted rule that when several contracts relating to the same matter are made by the parties as parts of one transaction, all of the instruments should be construed together. See Mid-America Corporation v. Miller, 372 P.2d 14, 17 (Okla.1962). As applied to mortgages, this means that "where a note is executed and a mortgage is given to secure the payment of the note, the two instruments being made at the same time, they should be read together as one contract, and the resulting contract is to be determined by a construction of both in accordance with conventional rules." Herrington v. Murphy, 446 P.2d 595, 597 (Okla.1968). Thus, the meaning given to language in the mortgage may be ascertained by examining the note that it was intended to secure.
 
 
 16
 When all of the documents executed by the parties are examined, it becomes clear that the mortgage was intended as security for Odus Hennessee's note to First State Bank. First of all, Odus's note was executed on July 12, 1983. It was in the amount of $140,000 with an interest rate of 12.50% and was due October 15, 1983. The mortgage, executed the same day, states that it is intended to secure a note "of even date herewith in the amount of $140,000 dated July 12, 1983 with interest at the rate of 12.50% due October 15, 1983." Appellants do not contend that any other note was executed by them on July 12, 1983. Thus, the mortgage appears to describe Odus Hennessee's note. Also, Odus' note to the bank states that it is secured by a "real estate assignment." Shortly after Odus received the mortgage from his mother, he assigned his interest in it to the bank. This reference in the promissory note followed shortly thereafter by the assignment of the mortgage to the bank further suggests that the mortgage was executed as security for Odus' note. The proceeds from Odus' note, $140,000, went directly to the benefit of Edna Hennessee. Up until the time of default, either Edna Hennessee or her corporation made all of the interest payments on Odus' note. It appears to be beyond dispute that Odus was included in the transaction only for the purpose of allowing Edna Hennessee to borrow in excess of First State Bank's $140,000 individual lending limit. The only logical conclusion from these circumstances is that the mortgage was given as security for Odus' note.
 
 
 17
 As further support for this conclusion, we note that on the record before us there is simply no other explanation as to what the mortgage could have been intended to secure.[4] The interpretation of the mortgage urged by appellants makes no sense. Although appellants argue that the mortgage appears to describe a note from Edna to Odus Hennessee, they readily admit that no such note exists or has ever existed. They deny that Edna was indebted to Odus Hennessee in any amount. Appellants do not explain why the parties involved would have executed a mortgage as security for a non-existent debt or why such a mortgage would have been assigned to the bank to secure Odus' note. The fact that no such note ever existed suggests that the mortgage was executed as security for Odus Hennessee's note to the First State Bank.
 
 
 18
 Appellants focus exclusively on the language in the mortgage that refers to a note "Made to Odus M. Hennessee ... and signed by first party." When this language is considered in light of circumstances outlined above concerning the execution of the mortgage and the other documents signed by the parties, however, the reference to a note "made to" Odus Hennessee and signed by "first party" [Edna Hennessee] appears to be simply a scrivener's error. There was never any such note and the Hennessees had no intention of executing such a note. The only note on which Odus Hennessee was a signatory was his note to the First State Bank, the proceeds of which were used by Edna Hennessee to purchase the Big Rock property. Cf. Mortgage Clearing Corp. v. Baughman Lumber Co., 435 P.2d 135, 139 (Okla.1967) ("Contracts must receive a reasonable construction according to the intention of the parties at the time of execution, ... if such intention can be ascertained from the language. A reasonable construction is preferred to one which is unreasonable, and where the language is contradictory, obscure, or ambiguous and susceptible of two constructions, it will be interpreted in a fair and rational sense, rather than in a manner which would make the contract unusual, inequitable, or such that reasonable men would be unlikely to enter into.")
 
 
 19
 On the record before us, there is no genuine issue as to what note the mortgage secured. The mortgage secured Odus Hennessee's note to First State Bank. It is conceded that Odus Hennessee was in default on that note. The district court therefore correctly found that the FDIC, as the holder of the mortgage securing that note, was entitled to foreclosure. The judgment of the district court is AFFIRMED.
 
 
 
 *
 The Honorable Wesley E. Brown, United States Senior District Judge for the District of Kansas, sitting by designation
 
 
 [1]
 Appellant Odus Hennessee initially challenged the district court's grant of summary judgment in favor of the FDIC on the promissory note. At oral argument, however, Mr. Hennessee's attorney waived any challenge to the judgment in favor of the FDIC on the promissory note
 
 
 [2]
 The quoted portions of the mortgage that we have underlined were typed onto the mortgage form. The other portions were part of a standard mortgage form
 
 
 [3]
 The parties involved in the Big Rock project also entered into a written loan agreement on November 6, 1984. Appellants have not argued that the November 6th agreement has any bearing on the validity of the mortgage at issue in this case
 
 
 [4]
 Edna and Odus Hennessee asserted in their depositions that they signed the mortgage and the assignment, respectively, "in blank." Appellants have not argued on appeal that this testimony creates a genuine issue of material fact which would preclude summary judgment. Rather, appellants argue that whether or not the mortgage was signed in blank "is immaterial to this appeal." Appellant's Br. at 5. Because appellants have not raised the issue we need not decide whether appellants' deposition testimony affects the validity of the mortgage. We note, however, that the mortgage appears to be facially valid and that Edna Hennessee's signature on it was duly acknowledged by a notary public. We also note that to the extent appellants contend that they had an understanding with bank officials that the mortgage arrangement would be otherwise than it appears in the written documents, such a defense would be precluded by 12 U.S.C. § 1823(e). Cf. F.D.I.C. v. Hatmaker, 756 F.2d 34 (6th Cir.1985). See also F.D.I.C. v. Berr, 643 F.Supp. 357, 361 (D.Kan.1986) (A defense arising out of a scheme to evade the bank's lending requirements was precluded by the doctrine of D'Oench Duhme and Company, Inc. v. F.D.I.C., 315 U.S. 447, 62 S.Ct. 676, 86 L.Ed. 956 (1942))